IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

469 COUNTY ROAD BALDWYN                                                    PLAINTIFF
PROPERTIES, LLC[1]

V.                                                      CIVIL ACTION NO. 1:18-CV-121-SA-DAS

MANCHESTER ANIKA, LLC                                                      DEFENDANT

MEMORANDUM OPINION

469 County Road Baldwyn Properties, LLC filed its Complaint [1] on June 28, 2018, seeking damages under state law for Manchester Anika, LLC's alleged fraudulent inducement, fraudulent misrepresentation, and fraudulent concealment premising jurisdiction on diversity of citizenship. Presently before the Court is Manchester Anika's Renewed[2] Motion to Dismiss [19] Under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The issues are fully briefed and ripe for review.

*Factual and Procedural Background*

On October 4, 2017, Baldwyn Properties entered into a Purchase and Sale Agreement [18-1] with Manchester Anika for the property located at 469 County Road 2878 in Baldwyn, Mississippi. This Agreement provided for a "Due Diligence Period" during which Baldwyn Properties could inspect the condition of the property. If Baldwyn Properties was not satisfied with the condition of the property, Baldwyn Properties had the right to terminate the Agreement prior to the expiration of the Due Diligence Period. The Agreement contained an "As Is" provision that stated the following:

> PURCHASER ACKNOWLEDGES THE PURCHASER'S OPPORTUNITY TO INSPECT THE PROPERTY, AND PURCHASER AGREES TO PURCHASE THE PROPERTY ON AN 'AS IS' BASIS. PURCHASER ACKNOWLEDGES AND AGREES THAT EXCEPT AS EXPRESSLY SET FORTH IN THIS

---

[1] Triyar, the original Plaintiff, filed a Motion to Amend [12] its Complaint [1] to substitute Baldwyn Properties as the correct Plaintiff and the Court granted that request.

[2] Manchester Anika filed its Motion to Dismiss [6] Under Rule 12(b)(6) on September 26, 2018. On December 21, 2018, Manchester Anika filed a Renewal of its Motion to Dismiss [19] in lieu of Answer and General Denial as to the Amended Complaint [18] with Baldwyn Properties as the correct Plaintiff.

AGREEMENT, THAT NEITHER SELLER NOR ITS AGENTS, CONTRACTORS OR REPRESENTATIVES HAVE MADE ANY REPRESENTATIONS, WARRANTIES, PROMISES, COVENANTS, AGREEMENTS OR GUARANTEES OF ANY KIND OR CHARACTER WHATSOEVER, WHETHER EXPRESS OR IMPLIED, ORAL OR WRITTEN, PAST, PRESENT OR FUTURE, OF, AS TO, CONCERNING OR WITH RESPECT TO (A) THE NATURE, QUALITY OR CONDITION OF THE PROPERTY . . .

A large warehouse is located on the property. Baldwyn Properties attempted to inspect the roof of this warehouse during the Due Diligence Period, but Manchester Anika was not able to find a ladder for access to the roof. Baldwyn Properties decided not to return to the property to inspect the roof. Baldwyn Properties allegedly made this decision because of a printed representation that the roof was new and had an extended warranty.

Baldwyn Properties alleges that Manchester Anika represented that the warehouse had "a new roof installed in 2015 with extended warranty through 2027." However, the record reflects that the roof was only restored and was not new. This alleged representation was presented on the realtor's marketing materials for the property. The marketing materials also stated "[the realtor] does not guarantee, warranty or represent [the information's] accuracy. It is the Purchaser's responsibility to independently confirm the accuracy and completeness of the information contained herein".

After expiration of the Due Diligence Period, but before closing, Baldwyn Properties discovered leaks in the roof.[3] Because the Due Diligence Period expired and the deposit was no longer recoverable, Baldwyn Properties did not want to terminate the Agreement. Furthermore, Baldwyn Properties alleges that it proceeded with the purchase due in part to its belief that the roof was new and protected by warranty and that the leaks would be minor and inexpensive to repair.

After closing, Baldwyn Properties contacted the company that restored the roof to attempt to repair the leaks under its warranty. The company attempted to repair the roof several times, but the

---

[3] Sometime after the Due Diligence Period expired, but before closing, Triyar transferred all its rights under the Agreement and the Warranty to Baldwyn Properties and the parties proceeded to closing on the sale.

roof continues to leak. The leaks have caused damage to the warehouse and there is a substantial risk of further damage, loss of tenants, and the possibility of having to replace the roof.

Baldwyn Properties asserts multiple claims of fraud under Mississippi law against Manchester Anika: fraudulent misrepresentation, fraudulent inducement, and fraudulent concealment. Manchester Anika now requests dismissal of the claims under Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

*Legal Standard*

In reviewing Manchester Anika's Motion to Dismiss [19], the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F. 3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of a plaintiff's complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

In order to survive a 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955.

Mississippi substantive law applies in this diversity case. *Cox v. Wal-Mart Stores East, L.P.*, 755 F.3d 231, 233 (5th Cir. 2014); *see also Wood v. RIH Acquisitions MS II, LLC*, 556 F.3d 274, 275 (5th Cir. 2009).

*Discussion and Analysis*

In Baldwyn Properties' Response [23] to the Renewed Motion to Dismiss [19], Baldwyn Properties argues that Manchester Anika's reliance on the "As Is" provision in the Agreement to excuse its fraudulent representation is insufficient to warrant dismissal. Baldwyn Properties argues that the Agreement is ambiguous and imposes a duty on Manchester Anika to disclose the condition of the roof. Manchester Anika argues that Baldwyn Properties' Amended Complaint [18] must be dismissed for failure to state a claim because the Agreement disclaims any and all warranties regarding the condition of the property, the Agreement is unambiguous, and Baldwyn Properties has not alleged any affirmative acts of fraud.

A. "As Is" Provision

Manchester Anika asserts that the "As Is" provision in the Agreement disclaims any warranties regarding the property's condition, including the condition of the roof. It argues that the Agreement is unambiguous[4] that the property was being sold "As Is," and therefore, Baldwyn Properties is precluded from maintaining this action. In response, Baldwyn Properties argues that it would be inequitable for the Court to allow Manchester Anika to engage in fraud just because the Agreement contains an "As Is" provision.

The controlling Mississippi case law on "As Is" provisions is *Stonecipher v. Kornhaus*. *Stonecipher v. Kornhaus*, 623 So. 2d 955, 964 (Miss. 1993); *see also Crase v. Hahn*, 754 So. 2d 471, 475 (Miss. Ct. App. 1999). In *Stonecipher,* the Mississippi Supreme Court held that the plaintiff was

---

[4] As to whether the Agreement is unambiguous, the Court "must construe the agreement as made by the parties and give the words of the document their commonly accepted meaning. If no ambiguity exists, [the] Court will accept the plain meaning of the instrument as the intent of the parties." *IP Timberlands Operating Co., Ltd. V. Denmiss Corp.*, 726 So. 2d 96, 108 (Miss. 1998). After reviewing the Agreement, the Court finds that it is unambiguous. The plain meaning of the Agreement demonstrates that Manchester Anika made no "representations, warranties, promises, covenants, agreements or guarantees of any kind or character whatsoever . . . of, as to, concerning or with respect to (A) the nature, quality or condition of the property." The "As Is" provision contains the "except as expressly set forth in this Agreement" language, but the Court finds no conflicting language in the Representations and Warranties section or any other section in the Agreement.

precluded from maintaining [the action against defendants] because of their agreement to an "As Is" provision. *Stonecipher*, 623 So. 2d at 964. The Mississippi Court of Appeals has stated that "an 'As Is' clause in a contract exempts a seller from liability pertaining to the condition of the property." *Beaumont Homes, LLC v. Colonial/Jordan Properties, LLC*, 71 So. 3d 1238, 1240 (Miss. Ct. App. 2011); see also *Crase*, 754 So. 2d at 475.

However, the Southern District of Mississippi has noted a circumstance that would make an "As Is" clause unenforceable under Mississippi law:

> In Mississippi, a seller of property should be able to rely on the mutually agreed upon terms of a contract. *Koch v. H & S Dev. Co.*, 249 Miss. 590, 163 So. 2d 710, 727 (Miss. 1964). Accordingly, the inclusion of an 'as is' provision usually precludes the buyer from maintaining an action based on the defective condition of the property. *See Stonecipher v. Kornhaus*, 623 So. 2d 955, 963 (Miss. 1993). However, the Southern District of Mississippi has previously recognized the "general rule that an 'as is' provision in a contract for the sale of realty . . . will not serve to preclude a purchaser from bringing an action for [rescission] or for damages if such is based upon the seller's representation or concealment regarding the physical condition of the property." *Pitre v. Twelve Oaks Trust U/A 1/4/91*, 818 F. Supp. 949, 952 (S.D. Miss. 1993).

*Joy v. H & M Builders, Inc.*, No. 3:08-CV-329, 2009 WL 812259, at *4 (S.D. Miss. Mar. 27, 2009). The Southern District of Mississippi recognized that a buyer *is not* precluded from maintaining an action that is based on a seller's misrepresentation or concealment just because an "As Is" clause was part of the Agreement. *Id.*

Given these authorities, the Court finds that Baldwyn Properties is not precluded from maintaining this action despite the Agreement containing the "As Is" provision if Baldwyn Properties sufficiently demonstrated in its pleading that Manchester Anika made a material misrepresentation or concealment regarding the condition of the property. *Id.*

5

*B. Fraud*

As noted, the question now before the Court is whether Baldwyn Properties sufficiently demonstrated in its pleading that Manchester Anika made a misrepresentation or concealment regarding the condition of the property.

In addition to the requirements of *Iqbal* and *Twombly*, a plaintiff alleging fraud must also satisfy the heightened pleading standard of Rule (9)(b). FED. R. CIV. P. Rule (9)(b). "In alleging fraud . . . a party must state with particularity the circumstances constituting fraud." *Id*. What constitutes the particularity will be different with each case, but the standard essentially requires that "the who, what, when, where, and how must be laid out *before* access to the discovery process is granted." *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F. 3d 719, 714, 724 (5th Cir. 2003; *see also Williams v. WMX Technologies, Inc.*, 112 F. 3d 175, 178 (5th Cir. 1997). If a party fails to state with particularity the circumstances constituting fraud, dismissal under Rule (9)(b) is treated as a dismissal under Rule 12(b)(6). *United States ex rel. Steury v. Cardinal Health, Inc.*, 735 F. 3d 202, 204 (5th Cir. 2013); *United States ex rel. Grubbs v. Kanneganti*, 565 F. 3d 180, 185 n.8 (5th Cir. 2009).

   *i.   Fraudulent Representation and Fraudulent Concealment*

Baldwyn Properties asserts claims against Manchester Anika for fraudulent misrepresentation and fraudulent inducement. Baldwyn Properties alleges that Manchester Anika falsely represented that the warehouse had a new roof and that the roof was under an extended warranty. It claims the alleged representation made by Manchester Anika was a material part of the Agreement and Manchester Anika knew or should have known of its falsity. Through the alleged representation, Baldwyn Properties claims it had the right to rely on this representation and Manchester Anika intended that Baldwyn Properties would enter into the Agreement and proceed to closing on the property.

In response, Manchester Anika points out that the only source of the alleged representation was on the marketing materials from the realtor. The marketing materials specifically stated "[the realtor] does not guarantee, warranty or represent [the information's] accuracy. It is the Purchaser's responsibility to independently confirm the accuracy and completeness of the information contained herein". Because the marketing materials specifically said not to rely on its statements, Manchester Anika argues that it was never reasonable to rely on the marketing material's statements. Manchester Anika also argues that it became more unreasonable to continue to rely on those statements and forego due diligence once Baldwyn Properties received the Agreement.

Baldwyn Properties' Complaint needs more than a recitation of the elements to support a plausible claim. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. Baldwyn Properties needs to state with particularity the circumstances constituting fraud. FED R. CIV. P. Rule 9(b). In Mississippi, the elements of fraudulent representation are:

> (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury.

*Watson Laboratories, Inc. v. State*, 241 So. 3d 573, 584 (Miss. 2018); *Trim v. Trim*, 33 So. 3d 471, 478 (Miss. 2010); (quoting *McCord v. Healthcare Recoveries, Inc.*, 960 So. 2d 399, 406 (Miss. 2007)).

Here, the element of the fraudulent representation claim that is in dispute is Baldwyn Properties' "right to rely" on the representation. *See Hutton v. American General Life & Accident Ins. Co.*, 909 So. 2d 87, 97 (Miss. Ct. App. 2005). Baldwyn Properties' only source of this alleged representation was found on the marketing materials from the realtor. The marketing materials specifically warned that the information's accuracy was "not guaranteed, warranted, or represented".

Baldwyn Properties argues that it had a right to rely on this representation that the roof was new and was under an extended warranty.

The Supreme Court of Mississippi has held that "a purchaser had no right to rely on [a] prospectus . . . because it specifically informed that appellant did not guarantee the quantity of timber and the timber covered by the prospectus was shown to appellee's agent who made no effort to ascertain the quantity." *Crawford v. Smith Bros. Lumber Co., Ins.*, 274 So. 2d 675, 678 (Miss. 1973). Furthermore, the Southern District of Mississippi has found that a plaintiff had no right to rely on an alleged misrepresentation about a loan made by a defendant because the actual terms of the loan commitment were available to the plaintiff on the acknowledgement form. *Watson v. First Commonwealth Life Ins. Co.*, 686 F. Supp. 153, 155 (S.D. Miss. 1988).

Here, the Court finds that Baldwyn Properties "right to rely" element for its fraudulent representation claim is lacking. *See Hutton*, 909 So. 2d at 97. It has not pled enough facts to demonstrate with particularity *how* it had a "right to rely" on the representation made on the marketing materials. Like *Crawford*, the marketing materials specifically warned it not to rely on its information. *Crawford*, 274 So. 2d at 678. Baldwyn Properties fails to state with particularity *how* Manchester Anika made this alleged representation when it was made on the marketing materials by the realtor.

As was the case in *Watson*, the Agreement was available to Baldwyn Properties and it sets out clearly the conditions of the property purchase. *Watson*, 686 F. Supp. at 155. Furthermore, the property was available to Baldwyn Properties to inspect. Baldwyn Properties made only one effort to inspect the roof aware of the "As Is" clause in the Agreement, and afterwards, Baldwyn contended that Manchester Anika was responsible for Baldwyn's failure to inspect the roof because a ladder was unavailable. Baldwyn Properties has not met its burden in its pleading by stating with particularity *how* it had a "right to rely" on the alleged representation made by Manchester Anika.

A fraudulent inducement claim "arises when a party to a contract makes a fraudulent misrepresentation, i.e., by asserting information he knows to be untrue, for the purpose of inducing the innocent party to enter into a contract." *Lacy v. Morrison*, 906 So. 2d 126, 129 (Miss. Ct. App. 2004). In other words, "the innocent party must first establish the presence of the misrepresentation or fraud alleged" in order to have a claim for fraudulent inducement. *Id.* Because Baldwyn Properties' fraudulent representation claim fails, there is no presence of a misrepresentation or fraud. Thus, Baldwyn Properties' claim for fraudulent inducement fails as well.

    ii.    *Fraudulent Concealment*

Baldwyn Properties also asserts a claim against Manchester Anika for fraudulent concealment. It claims that it performed due diligence to discover any issues with the property and that Manchester Anika's affirmative acts of misrepresentation and concealment prevented it from discovering the age and gravity of the problems with the roof. Manchester Anika asserts that the Agreement gave Baldwyn Properties ample opportunity to conduct due diligence and inspect the roof, but it decided on its own not to do so and admits to that. Manchester Anika argues it made no affirmative acts that can support a claim of fraudulent concealment.

"[I]n order for there to be liability for nondisclosure, silence must relate to a material fact or matter known to the party and as to which it is his legal duty to communicate to the other contracting party. An affirmative act of concealment is necessary." *Mabus v. St. James Episcopal Church*, 13 So. 3d 260, 264 (Miss. 2009) (citations omitted). Even if a concealment is fraudulent, it does not give rise to a legal claim if a party has no legal duty requiring it to disclose that information. *Id.* at 265 (holding the plaintiff's claim of fraudulent concealment against the defendant must fail absent a fiduciary relationship or other legal duty).

9

Unless a fiduciary relationship exists between the parties,[5] an affirmative act of concealment is necessary. *Poe v. Summers*, 11 So. 3d 129, 134 (Miss. Ct. App. 2009); (quoting *Van Zandt v. Van Zandt*, 227 Miss. 528, 539, 86 So. 2d 466, 470 (1956)). Absent any sort of legal duty to disclose, fiduciary relationship, or affirmative act of concealment, silence is equivalent to fraud in a business transaction if "it is accompanied by deceptive conduct or the suppression of material facts causing actual deception." 37 Am. Jur. 2d *Fraud and Deceit* § 206 (2001); *see also Poe*, 11 So. 3d at 134.

Again, the marketing materials clearly stated that the information on it was not guaranteed. Furthermore, the "As Is" clause should have put Baldwyn Properties on notice that it had no right to rely on any representations or statements made by Manchester Anika. Baldwyn Properties had every opportunity to perform due diligence in inspecting the roof but failed to do so after one attempt because Manchester Anika did not have a ladder on the premises. Manchester Anika did not prevent Baldwyn Properties from inspecting the roof. Ensuring that the property was in suitable condition was entirely Baldwyn Properties' responsibility. Baldwyn Properties failed to demonstrate any legal duty to disclose, any fiduciary relationship between the parties, any affirmative act of concealment, or any silence equivalent to fraud by Manchester Anika. The Court finds that Baldwyn Properties has not pled enough facts to show how a fraudulent concealment occurred.

*Conclusion*

For all of the reasons fully explained above, the Court finds that Baldwyn Properties failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955. Despite the Agreement containing the "As Is" provision, Baldwyn Properties failed

---

[5] "Mississippi has refused to recognize the existence of a fiduciary relationship where the parties were involved in little more than an arm's length business transaction." *Robley v. Blue Cross/Blue Shield of Mississippi*, 935 So. 2d 990, 995 (Miss. 2006); *University Nursing Assocs., PLLC v. Phillips,* 842 So. 2d 1270, 1275 (Miss. 2003); (citing *Merchants & Planters Bank of Raymond v. Williamson*, 691 So. 2d 398, 404 (Miss. 1997)). The record establishes that this was nothing more than an arm's length business transaction between the parties and therefore, a fiduciary relationship did not exist under Mississippi law. *Morgan v. Green-Save, Inc.*, 2 So. 3d 648, 654 (Miss. Ct. App. 2008).

to sufficiently demonstrate in its pleading that Manchester Anika made a misrepresentation or concealment regarding the condition of the property. *See Joy*, 2009 WL 812259, at *4.

As explained fully above, Baldwyn Properties' claims for fraudulent representation and fraudulent inducement fail because Baldwyn Properties had no "right to rely" on the alleged representation. Its fraudulent concealment claim also fails because no legal duty to disclose existed between the parties. *Mabus* 13 So. 3d at 264. There was no fiduciary relationship, no affirmative act of concealment, or no "deceptive conduct or suppression of material facts." *Poe*, 11 So. 3d at 134; (quoting *Van Zandt*, 227 Miss. at 539).

The Court holds that the Plaintiff's Amended Complaint [18] fails to state a plausible claim and therefore, Defendant's Motion to Dismiss [19] for failure to state a claim is GRANTED, and this case is DISMISSED with prejudice.

It is so ORDERED, on this the 13th day of August, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE